IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEROY K. KUHNKE,

                Plaintiff,
  v.

RANDAL G. STELZNER, DALIA SULIENE,
VICKI WALKER, LILLIAN TENEBRUSO,
PAUL KETARKUS, MEREDITH MASHAK,
and KIM JOHNSON,

                Defendants.

ORDER

16-cv-629-jdp

---

Plaintiff Leroy Kuhnke, a prisoner incarcerated at the Columbia Correctional Institution, brings this lawsuit alleging that defendant prison officials failed to properly treat his dental emergency and maintained staff and emergency-care policies that led to this failure. Kuhnke was allowed to proceed against four "John Doe" nurses who delayed in giving him treatment for a tooth causing him severe pain. At the preliminary pretrial conference, Magistrate Judge Stephen Crocker set out the process by which Kuhnke could use discovery requests to learn the identities of the Doe defendants.

On March 6, 2017, Kuhnke submitted a supplement to his complaint naming Kim Johnson as one of the Does, who "delivered the 24 pack of Ibuprofen to the plaintiff on October 13, 2010." Dkt. 12. (He said he was unable to identify the others.) The state did not accept service because Johnson was in a contract position at the time of the events of this case, but also stated that he currently works at the Dodge Correctional Institution. However, less than a week later, the United States Marshal returned the service form for Johnson unexecuted, stating that there was no Dodge employee with that name.

The state has now filed two motions. First, it requests a stay of the answer deadline for the John Doe defendant, noting that Kim Johnson has not yet been served and that he is very likely not the person Kuhnke really means to name as this defendant: Johnson is a man, but Kuhnke's supplement calls Johnson "she" and his discovery request identified the Doe defendant as "the nurse (approx. 5'8" tall with blonde hair, approx.. 30 years old) who brought the Ibuprofen to the plaintiff on 10-13-10").

I will grant the motion to stay the answer deadline because the Doe defendant has not yet been served. I will direct Kuhnke to respond to this order, explaining whether he means to name Johnson as the Doe defendant, or whether this new information leads him to consider naming someone else. If he decides the proper defendant is Johnson, the state should respond, double-checking whether Johnson still works at the Dodge Correctional Institution—it seems unlikely that he left the prison in the week between the state's response and the Marshal's submission of the service form. If the state has not already provided Kuhnke with the names of the nurses working at CCI the night of October 13, 2010, it should do so.

The state has also filed a motion seeking to extend by two weeks its deadline to file a motion for summary judgment based on Kuhnke's failure to exhaust his administrative remedies, due to a staffing shortage and the unexpected absence of the paralegal assigned to the case. Dkt. 19. The state then followed up with its exhaustion motion. Dkt. 20. I will grant the motion for extension of time. The clerk of court has set briefing on the merits of the exhaustion motion.

ORDER

IT IS ORDERED that:

1. Defendants' motion to stay the answer deadline for the Doe defendant, Dkt. 18, is GRANTED.

2. Defendants' motion for an extension of time to file an exhaustion-based motion for summary judgment, Dkt. 19, is GRANTED.

3. Plaintiff Leroy Kuhnke may have until May 1, 2017, to respond to this order regarding whether he still wishes to name Kim Johnson as the Doe defendant.

Entered April 17, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge