IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEROY K. KUHNKE,

                Plaintiff,

   v.

RANDAL G. STELZNER, DALIA SULIENE,
VICKI WALKER, LILLIAN TENEBRUSO,
PAUL KETARKUS, MEREDITH MASHAK,
and KIM JOHNSON,

                Defendants.

ORDER

16-cv-629-jdp

---

Plaintiff Leroy Kuhnke, a prisoner incarcerated at the Columbia Correctional Institution, brings this lawsuit alleging that defendant prison officials failed to properly treat his dental emergency and maintained staff and emergency-care policies that led to this failure. There are currently several motions before the court.

**A. Exhaustion and sanctions**

Kuhnke alleges that in October 2010, when he suffered from excruciating pain from an abscessed tooth, defendants improperly diagnosed him, failed to seek emergency treatment, delayed in getting him treatment, prescribed inadequate medication, pulled his tooth against his wishes for a less invasive procedure and without providing him adequate pain medication, and did not treat him further to restore the missing tooth. He also brings official-capacity claims against CCI staff for maintaining policies of understaffing dental professional positions and failing to provide for off-site treatment for dental emergencies.

Defendants filed a motion for summary judgment alleging that Kuhnke failed to exhaust his administrative remedies for his claims. Dkt. 20. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . until such administrative

remedies are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits." *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement's primary purpose is to "alert[ ] the state" to the problem "and invit[e] corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024.

Because exhaustion is an affirmative defense, defendants bear the burden of establishing that Kuhnke failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, they must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Defendants initially contended that Kuhnke failed to fully exhaust any of the three grievances he filed in 2010 about his treatment. This includes grievance no. CCI-2010-22489, in which Kuhnke raised the bulk of his claims about delay in treatment. Kuhnke's appeal of the dismissal of that grievance was dismissed as untimely: the corrections complaint examiner stated that the appeal was received on November 15, 2010, more than ten days past the November 1 decision by the reviewer, which violated Wis. Admin. Code § 310.13 ("A complainant dissatisfied with a reviewing authority decision may, within 10 calendar days after the date of the decision, appeal that decision . . . ."). *See* Dkt. 22-2. In support of their motion,

defendants submitted a declaration from DOC employee Cindy O'Donnell incorrectly stating that Wis. Admin. Code § 310.13 requires an inmate to file an appeal within ten *business* days of the reviewer's decision. Dkt. 22, at 5. Kuhnke opposed the exhaustion motion, arguing that neither ten business days nor ten calendar days had passed because of weekends and legal holidays, as well as the fact that he placed his appeal in the prison mail stream on November 9, 2010, only eight days after the reviewer's decision. *Cf. Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015) (under "mailbox rule," prisoner submission is deemed filed with court when he gives submission to prison officials for mailing).

In reply, the state agrees that the exhaustion motion should be denied as to this grievance because defendants cannot prove the date on which Kuhnke mailed his appeal. So I will deny this portion of the summary judgment motion, which means the bulk of his claims will go forward.

Kuhnke has filed a motion for sanctions, contending that O'Donnell's incorrect declaration stating that he had ten "business" days to file his grievance appeal was submitted in bad faith, requesting that defendants' counsel be held in contempt for submitting it, and asking for $1,000 to cover his expenses in litigating the exhaustion motion.[1] I will deny this motion because there is no reason to think that O'Donnell's and counsel's errors were malicious or made for the purpose of gaining an advantage. In fact, the error could only have helped Kuhnke: a deadline based on business days is more generous than a calendar-day deadline. And, as stated above, this mistake ultimately does not affect the outcome. Counsel also promptly fixed the error after Kuhnke raised it, which also shows defendants' good faith.

---

[1] Kuhnke also filed a motion for an extension of time of his reply to this motion. Dkt. 36. I will grant that motion and consider his reply in addressing the motion for sanctions.

Kuhnke filed two other grievances in 2010: (1) no. CCI-2010-24464, about defendant dentist Randal G. Stelzner pulling his tooth instead of performing a less invasive procedure such as a root canal; and (2) no. CCI-2010-24465, about Kuhnke being forced to pay a $7.50 copayment for the tooth extraction. Kuhnke did not fully exhaust either of these grievances. The copay grievance is irrelevant because Kuhnke does not bring a claim about it in this lawsuit. But Kuhnke does not directly argue that the grievance about the extraction was properly exhausted or that the full grievance procedure was unavailable to him. He does suggest that his later 2016 grievances may have served to exhaust his claims, but those grievances were about staffing policies and his January 2016 request for a dental bridge. They cannot exhaust his complaint about Stelzner's 2010 decision to extract his tooth instead of performing a different procedure. Because Kuhnke failed to exhaust this claim against Stelzner, I will dismiss it from the case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

That leaves Kuhnke's claims against defendant Meredith Mashak and "the CCI dentist in his official capacity" for denying his requests for a bridge or denture to allow him to eat normally and prevent shifting of his remaining teeth. In screening the complaint, I stated:

> When Kuhnke states that "the CCI dentist in his official capacity" denied him further treatment, I take him to mean defendant Stelzner. But Kuhnke seems to be saying that Stelzner was personally involved in denying him treatment. This means that this claim will be against Stelzner in his individual capacity, not his official capacity.

Dkt. 6, at 4–5. The exhaustion briefing suggests that Kuhnke's claims about a bridge may have been aimed at 2016 conduct by Mashak and a Dr. Thorpe rather than Stelzner. Defendants say that Kuhnke's 2016 claims are not part of this lawsuit, so he has not exhausted the bridgework claim. But because Kuhnke's complaint was vague about the timing of his request

for bridgework, I cannot conclusively say that this is so. If Kuhnke meant to bring claims about 2016 events, then Thorpe rather than Stelzner would likely be the correct defendant. And it remains unclear whether Kuhnke even wishes to bring an individual capacity claim against a dentist for this claim because he originally phrased the identity of the wrongdoer as "the CCI dentist in his official capacity." Without knowing more precise contours of this claim, I cannot say whether Kuhnke has exhausted it. I will give him a short time to provide a supplement to his complaint explaining (1) who the proper defendants for his bridgework claim are; (2) when those defendants violated his rights; and (3) how he exhausted this claim. Defendants will be given a chance to respond to that filing.

**B. Defendant Johnson**

Kuhnke was allowed to proceed against four "John Doe" nurses who delayed in giving him treatment for a tooth causing him severe pain. Kuhnke submitted a supplement to his complaint naming Kim Johnson as one of the Does, who "delivered the 24 pack of Ibuprofen to the plaintiff on October 13, 2010." Dkt. 12. (He said he was unable to identify the others.) Johnson was not served by the Marshal, and the state has moved to strike the supplement because the employee in question, named Kimm Johnson, is a man and thus does not fit the description given by Kuhnke (a woman "approx. 5'8" tall with blonde hair, approx. 30 years old").

Kuhnke responds by expressing his frustration with identifying "Nurse Kim." He initially responds by stating that he is willing to dismiss this Doe defendant from the case, but he also states that "it is clear that [defendants] were deflecting from the real John Doe defendant—Kim Campbell—who they claim could not be the nurse in question since she was

5

not scheduled to work late—though she may have since the time sheets are missing." Dkt. 38, at 2.

I will grant the motion to strike Kuhnke's supplement and dismiss Johnson from the case. But because Kuhnke has come to the conclusion that the proper defendant is Kim Campbell, I will amend the caption to include Campbell as the Doe defendant. The state should inform the court whether it will represent Campbell. If the state believes that Campbell could not have been the person who Kuhnke claims provided him with inadequate medication, they are free to raise that defense in a later substantive motion for summary judgment. But for now, Kuhnke's allegations are sufficient to support his claim.

**C. Remaining schedule**

Resolution of the exhaustion issues discussed above and subsequent dispositive motions will run into the current March 12, 2018 trial date. I will strike that date and set the following new schedule:

Dispositive motions deadline: April 23, 2018

Discovery cutoff: July 13, 2018

Final pretrial submissions and disclosures: July 20, 2018

Pretrial submission responses: August 3, 2018

Final pretrial conference: August 20, 2018, at 8:30 a.m.

Trial: August 20, 2018, at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment based on plaintiff Leroy Kuhnke's failure to exhaust his administrative remedies, Dkt. 20, is GRANTED in part: plaintiff's claim against defendant Randal G. Stelzner for performing a tooth extraction is DISMISSED without prejudice.

2. Plaintiff's motion for an extension of time to file his reply in support of his motion for sanctions, Dkt. 36, is GRANTED.

3. Plaintiff's motion for sanctions, Dkt. 26, is DENIED.

4. Plaintiff may have until March 13, 2018, to provide a supplement to his complaint about the denial of his requests for bridgework and an explanation for how he has exhausted this claim. Defendants may have until March 27, 2018, to submit a response.

5. Defendants' motion to strike plaintiff's supplement to the complaint, Dkt. 31, is GRANTED. Defendant Kimm Johnson is DISMISSED from the case.

6. The caption is amended to replace Johnson with Kim Campbell. The state may have until March 13, 2018, to inform the court whether it will be representing Campbell.

7. The current schedule and trial date are STRUCK and a new schedule is set as detailed above.

Entered February 21, 2018.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge